WATSON, Judge.
In this proceeding, John Keith Lamm has sued for reinstatement as administrator of the Abrom Kaplan Memorial Hospital and for back pay with interest. The defendant, Board of Commissioners for Vermilion Hospital Service District No. 1, is the governing authority of the Kaplan Hospital. The Board has appealed from a judgment sustaining a motion for summary judgment by Lamm. This court is called upon to determine: (1) whether there is any genuine issue as to material fact; and (2) if not, whether Lamm is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
The trial court, in reasons assigned for granting the summary judgment, succinctly and accurately portrayed the circumstances leading up to the lawsuit:
“The factual circumstances concerning plaintiff’s dismissal are generally agreed to be as follows: On January 23, 1978, the Board of Commissioners for Vermilion Parish Hospital Service District No. 1 (hereinafter referred to as the ‘Board’) voted three to two to dismiss John Keith Lamm. The item relative to the firing was not on the formal agenda, no public hearing was held, and Lamm was not afforded an opportunity to address the Board. On February 2, 1978, the Vermilion Parish Police Jury officially called a public hearing relative to the dismissal for February 6, 1978. Notice of this hearing was received by plaintiff on this same day. On February 3, 1978, Lamm received a letter concerning his possible termination along with a list of 21 charges of misconduct from the Board.” “A public hearing was held on February 6, 1978. The Board voted to rescind the motion made on January 23 that Lamm be fired and the latter was given full pay to the date of the hearing. The 21 charges were read to Lamm and he responded thereto. The Board deliberated and subsequently voted three to two in favor of dismissal. Shortly thereafter, plaintiff filed the instant suit seeking reinstatement and back salary from the date of the hearing.” (TR. 271).
In granting the summary judgment, the trial court found that there was no genuine issue as to material fact, a point we will address below, and stated the following reasons for holding that plaintiff was entitled to a judgment as a matter of law:
“Firstly, the court is of the opinion that the Louisiana Administrative Procedure Act, LSA-R.S. 49:951, et seq., is not applicable in the instant case since a ‘parish’ board is involved.”
“Pretermitting any discussion of procedural due process, the court finds that plaintiff’s dismissal on February 6, 1978 was improper under the by-laws of Abrom Kaplan Memorial Hospital. Article IX, Section 4 of the by-laws concerning the procedures involved in the dismissal of the administrator reads as follows:
‘When the Board of Commissioners believes the services of the Administrator are not satisfactory, it shall give him official warning and a reasonable opportunity to correct the indicated deficiency. In the event the governing Board believes it has cause to terminate the services of the Administrator, it should give him an opportunity for a hearing with assistance as he, the Administrator, deems necessary. On termination of the Administrator’s services, it seems advisable by the Administrator in the interest of the public to make a statement, due regard shall be given to the interests of the hospital and the Administrator.’ ” “Thus, the termination of an administrator requires an official warning and a reasonable opportunity to correct any deficiency noted by the Board. This procedure was not followed in the present case.”
“Recognizing that their actions on January 23rd were improper, the Board correctly set a hearing, gave plaintiff official warning (in the nature of the letter and attached charges) and rescinded the former motion of dismissal. However, the Board did rot allow Lamm a reasonable opportunity to correct the alleged deficiencies after he received an official warning. Stan Hardee, Chairman of the *1282 Board of Commissioners of Vermilion Parish Hospital Service District No. 1, does state in an affidavit that prior to February 3, 1978, he and other members of the Board, on numerous occasions, informed plaintiff of his deficiencies and that he was either unable or unwilling to correct them. However, these informal warnings were not sufficient under the procedures outlined in the by-laws.” (TR. 272).

ISSUE OF FACT

Counsel for the Board argues that there is an issue of fact concerning whether an “official warning” was given to Lamm. We do not share counsel’s appreciation of the question. There is no dispute, as we read the pleadings, affidavits and other materials in the record that Lamm was, from time to time, the recipient of complaints by individual members of the Board, as contended by the affidavit of Stan Hardee, Board Chairman. Likewise, there is no dispute that the Board never gave Lamm an “official warning” and a reasonable opportunity to correct the deficiencies. It is true that he was given a list of complaints on February 3, 1978, and that a hearing was held as to these on February 6, 1978, but there is no indication, as correctly concluded by the trial court, that Lamm was given any opportunity to correct these deficiencies, as required by the hospital by-laws. Counsel for the Board urged that the individual members of the Board, in complaining to Lamm of his inadequacies, met the requirements of the by-laws. However, we believe that, by definition, an “official warning”, would require formal action by the Board rather than informal action by its individual members.
No Louisiana cases have been cited on this point and we have found none, but it is obvious that action by individual members of a board does not constitute “official” action. As a Tennessee court observed long ago: “It is too well settled to need authority that separate individual action on the part of the members of a municipal board, even though all might concur, is not an official action, and does not bind the municipality.” Burkett v. City of Athens, 59 S.W. 667 at 668 (Tenn., 1900). Therefore, we agree with the trial court that there is no genuine issue as to material fact.

JUDGMENT AS A MATTER OF LAW

The provisions of the Hospital District By-Laws in Art. IX, § 4, clearly provide for the procedure to be followed in the dismissal of the administrator. This court is not called on to decide whether these procedures are wise, fair or proper since the Board itself apparently adopted them at some point in the past. Having specifically provided for the procedure to be followed, the Board cannot, now, follow some other procedure. Therefore, we conclude, as did the trial judge, that plaintiff is entitled to a summary judgment ordering his reinstatement to his former position as administrator and is further entitled to be paid his salary, with interest, from February 6,1978.
The judgment of the trial court is affirmed and costs of these proceedings are taxed against the appellant.
AFFIRMED.